UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAMES D. BOWIE,                                          No. 15-10144

Debtor(s).
_____/

Memorandum re Plan Confirmation
_____

I.  Background

Chapter 11 debtor in possession James Bowie is self-employed as a woodworker and manufacturer of fine furniture.  In 2011, he purchased the real property at 5990 Bald Mountain Road, Browns Valley, California, from an elderly widow, Carol M. Alberigi, who took back a note in favor of the Carol M. Alberigi Revocable Trust for most of the purchase price.  In 2013, Bowie borrowed a further $30,000.00 from Alberigi in order to start a woodworking school.  This obligation was secured by a junior deed of trust to Bowie's real property at 425 5th Street, Marysville, California.

The note to Alberigi secured by the Browns Valley property was all due and payable on August 1, 2016.  Alberigi was unwilling to modify the terms of her note and commenced foreclosure proceedings when Bowie defaulted on his obligations to her.  Bowie filed this Chapter 11 in order to modify his obligations without her consent.  His Chapter 11 plan of reorganization is now before the court.  Alberigi is the sole remaining objecting creditor.

Alberigi concedes that her note secured by the Marysville property is nothing more than an unsecured claim.  The main thrust of her objection is Bowie's proposed treatment of her secured claim on the Browns Valley property.  The plan provides that Alberigi's secured claim is to be reduced to the

1

1   value of the property and that she is to be paid that amount, plus an unspecified  "Market Rate of

2   Interest" amortized over thirty years and all due and payable in 12 years.  Alberigi objects on three

3   grounds: that the plan is not feasible, that Bowie's proposed valuation of the property is too low, and

4   that the plan is not fair and equitable as to her.

5

6   II.  Valuation

7         Bowie initially scheduled the Browns Valley property on February 26, 2015, as being worth

8   $500,000.00.  A week later, he filed an amended schedule valuing the property at $450,000.00.   On

9   October 29, 2015, Bowie filed a declaration restating his belief that the property was worth

10  $450,000.00.  Alberigi has decided not to contest this figure.  However, on October 29 Bowie also

11  filed a declaration of a real estate appraiser valuing the property at $300,000.00.  For the first time, at

12  the confirmation hearing, Bowie sought to have his own testimony impeached by his appraiser and

13  asked the court to find the property worth $300,000.00.

14        There is of course manifest unfairness in Bowie's last minute attempt to devalue the property

15  by a third.  He had scheduled the property at $450,000.00 and asked Alberigi to admit only that the

16  value of her secured claim was less than $425,000.00.  Bowie's motion to value alleged "Debtor is

17  informed and believes, based upon sales and comparable properties in the same area, that the current

18  value of

19  the Browns Valley Property is $450,000.00."  Alberigi had no fair notice that a lower value would be

20  sought, and in fact was lulled into not objecting by Bowie's motion, his declaration, and the way he

21  stated his request for admissions.

22        Fairness aside, Bowie is precluded from arguing a lower value than his schedules. Statements

23  in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are

24  eligible for treatment as judicial admissions. *In the Matter of Gervich*, 570 F.2d 247, 253 (8th

25  Cir.1978). A debtor may not adopt a cavalier attitude toward the accuracy of his schedules by arguing

26  that they are not precise and correct. *In re Duplate*, 215 B.R. 444, 447n8 (9th Cir. BAP 1997). Even

2

1     when schedules are amended the old schedules do not become nullities. The only effect of amendment

2     of a schedule is that the original schedule no longer has the binding, preclusive effect it might

3     otherwise have. It still fully subject to consideration by the court as an evidentiary admission. *White v.*

4     *Arco/Polymers, Inc.*, 720 F.2d 1391, 1396n5 (5th Cir. 1983). Here, the schedules have not been

5     amended so they preclude Bowie arguing otherwise. They establish that the property is worth

6     $450,000.00.

7         Moreover, even if Bowie was not precluded by his schedules, his motion and his declaration

8     from arguing for a lower figure, the overwhelming evidence in this case is that the property is worth

9     $450,000.00, even considering the valuation of his appraiser.  The value of Alberigi's secured claim is

10    this amount, less $32,562.27 in property taxes owing, for a net of $417,437.23.

11

12    III.  "Feasibility"

13        The court must confirm a plan if all the applicable provisions of  § 1129(a) are met.  Alberigi

14    argues that Bowie has failed to show, as required by  § 1129(a)(11), that confirmation of his plan is not

15    likely to be followed by liquidation, or the need for further financial reorganization.  However,

16    Bowie's declaration did establish that his plan has a reasonable chance for success, and Alberigi chose

17    not to cross-examine him on this issue.  Moreover, the plan creates an alternative for Alberigi: either

18    Bowie makes the payments he has proposed or she can nonjudicially foreclose.  The court accordingly

19    finds that the requirements of  § 1129(a)(11) have been met.

20

21    IV.  Fair and Reasonable

22        Pursuant to  § 1129(b)(1) and (2) of the Code, a Chapter 11 plan can be confirmed over a

23    dissenting secured class if the court finds that the plan is fair and reasonable and it provides that the

24    class receive deferred cash payments totaling at least the value of the secured claim.  In this case, the

25    value has been set at $417,437.23.  An appropriate rate of interest would allow the plan to meet this

26    technical requirement.

1    However, meeting the technical requirements of § 1129(b)(2) does not mean that the plan must

2  be confirmed.  By using the word "includes" in § 1129(b)(2), Congress has made it clear that meeting

3  the terms of § 1129(b)(2) does not necessarily mean that a plan is fair and equitable.  *In re Bonner*

4  *Mall Partnership,* 2 F.3d 899, 912 -13 (9th Cir. 1993); 7 **Collier on Bankruptcy** (16th Ed), ¶

5  1129.04[1]. p. 1129-119.  The court may consider other factors on a case-by-case basis.  *Great*

6  *Western Bank v. Sierra Wood Group,* 953 F.2d 1174, 1177 (9th Cir. 1992).

7    The court agrees with Alberigi that the plan is not fair and equitable as to her even if the

8  technical requirements of § 1129(b)(2) are met.  Given her age, the fact that her note was supposed to

9  mature in 2016, and the historically low current interest rates, delaying maturity to 2027 is not fair and

10  shifts too much risk of changing circumstances to Alberigi and her estate.  The court agrees with

11  Alberigi that no more than a five-year maturity date is fair.

12

13  V.   Conclusion

14    The plan as currently proposed is unfair to Alberigi and cannot be confirmed.  However, the

15  court notes that Bowie is under a deadline to obtain confirmation and therefore a simple denial may

16  leave him without a chance to revise his plan.  Since the plan is otherwise confirmable, the court will

17  confirm the plan if the value of Alberigi's secured claim is fixed at $417,437.23, the interest rate is

18  10% percent per annum until such time as the court fixes a different rate,  payments are amortized as

19  proposed and begin on January 1, 2016, and the note is all due and payable on January 1, 2021.  If

20  these provisions are acceptable to Bowie, his counsel shall submit a form of order confirming his plan

21  which incorporates these provisions.  If they are not acceptable to Bowie, then counsel for Alberigi

22  shall submit a form of order denying confirmation.

23

24  Dated:  November 5, 2015

25                                                    _____
                                                     Alan Jaroslovsky
26                                                   U.S. Bankruptcy Judge

                                                              4